UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRETT STANSBERRY,<br>      Plaintiff | Case No. 1:23-cv-266<br>McFarland, J.<br>Litkovitz, M.J. |
| vs. | |
| CITY OF CINCINNATI,<br>      Defendant | **REPORT AND RECOMMENDATION** |

This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1) in connection with a civil action. (Doc. 1). Plaintiff's sworn declaration states that he has $8,000.00 in a checking, savings, or other account and $2,023 in monthly expenses, which includes $400.00 of unspecified "misc." expenses and $700.00 in "court related stuff (paper, memory)." (*Id.* at PAGEID 3). The Court notes that plaintiff has eight cases currently pending in this Court. In *Stansberry v. Raising Cains*, No. 1:22-cv-543 (S.D. Ohio), there is a Report and Recommendation pending to dismiss the complaint. (Doc. 15). In *Stansberry v. Pappadeaux*, No. 1:22-cv-667 (S.D. Ohio), plaintiff paid the filing fee after his *in forma pauperis* application was denied, and the case is awaiting service of process by plaintiff on defendant. In the six remaining cases, the assigned Magistrate Judges have recommended that plaintiff's motion for leave to proceed *in forma pauperis* be denied (including this case). See *Stansberry v. Police Department (Springdale OH),* No. 1:23-cv-00006 (S.D. Ohio); *Stansberry v. Curritos*, No. 1:23-cv-00038 (S.D. Ohio); *Stansberry v. Village of St. Bernard*, No. 1:23-cv-00100 (S.D. Ohio); *Stansberry v. City of Cincinnati*, No. 1:23-cv-00266 (S.D. Ohio); *Stansberry v. Family Dollar*, No. 1:23-cv-00267 (S.D. Ohio); *Stansberry v. Xavier University*, No. 1:23-cv-00268 (S.D. Ohio). Given the current status of plaintiff's cases, the Court is unable to discern how plaintiff is incurring $700.00 per month in

court-related expenses such that he is unable to pay the $402.00 filing fee in this case.

The Court is unable to conclude from plaintiff's affidavit that his assets are insufficient to provide himself with the necessities of life and still have sufficient funds to pay the full filing fee of $402.00 in order to institute this action. *See Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Therefore, plaintiff's motion to proceed *in forma pauperis* should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to proceed *in forma pauperis* be **DENIED**.

2. If this recommendation is adopted, that plaintiff be **GRANTED** an **EXTENSION OF TIME** of thirty (30) days from the date of any Order adopting the Report and Recommendation to pay the required filing fee of $402.00. Plaintiff should be notified that his complaint will not be deemed "filed" until the appropriate filing fee is paid, *see Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998), and that if he fails to pay the filing fee within thirty (30) days this matter will be closed.

Date: 5/13/2023

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRETT STANSBERRY,
    Plaintiff

vs.

CITY OF CINCINNATI,
    Defendant

Case No. 1:23-cv-266
McFarland, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party=s objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).