UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRETT STANSBERRY,                      Case No. 1:23-cv-266
    Plaintiff,                                    Hopkins, J.
                                                     Litkovitz, M.J.

    vs.

CITY OF CINCINNATI,                 **REPORT AND**
    Defendant.                         **RECOMMENDATION**

Plaintiff filed an application to proceed *in forma pauperis* in connection with a civil rights complaint. (Doc. 1). The undersigned recommended that plaintiff's motion to proceed *in forma pauperis* be denied as plaintiff's affidavit failed to show that his income and assets are insufficient to provide himself with the necessities of life and still have sufficient funds to pay the full filing fee of $402.00 in order to institute this action. (Doc. 3, citing *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). On September 29, 2023, the District Judge issued an Order adopting the undersigned's Report and Recommendation. (Doc. 12).[1] The District Judge granted plaintiff thirty days from the date of its Order to "**either (1) file new IFP motions for each case or (2) pay the required filing fee of $402.00 per case**." (*Id.* at PAGEID 44) (emphasis in original). The Order notified plaintiff that failure "to file a renewed IFP motion or pay the filing fee within thirty (30) days in each respective case will result in dismissal of that case." (*Id.*).

To date, more than 30 days later, plaintiff has not filed a renewed IFP motion or paid the filing fee in this matter. Rather, plaintiff has filed a "Response to Forma Pauperis" (Doc. 13); a Notice of Evidence accompanied by a flash drive that plaintiff alleges "covers harassment at

---

[1] The District Judge issued a single decision addressing six cases brought by plaintiff, one of which is the current matter before the Court. (Doc. 12). This Report and Recommendation concerns only the above-captioned case, *Brett Stansberry v. City of Cincinnati,* Case No. 1:23-cv-266.

work, home, the movies, the court house, and other places that is clearly illegal" (Doc. 14); a Notice of Dismissal, which indicates a criminal trespass action against plaintiff in the State court was dismissed for want of prosecution (Doc. 15); a motion to Verify Use of USB Sticks, seeking to verify that the information contained in this medium can be used as evidence in support of his claims (Doc. 16); and a Notice of Evidence accompanied by a USB drive that plaintiff states contains video evidence of his harassment at work and the movies, as well as "stalking style surveillance." (Doc. 17). These filings, however, are not responsive to the Court's September 29, 2023 Order. None of the filings include a completed IFP motion or the requisite filing fee as ordered by the Court.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to either file a renewed IFP motion or pay the required filing fee of $402.00 for this matter in accordance with the Court's September 29, 2023 Order (Doc. 12) warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

**IT IS THEREFORE RECOMMENDED THAT:**

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to

proceed *in forma pauperis* in the Court of Appeals.  See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

                                                                                                _____
                                                                                                 Karen L. Litkovitz
                                                                                                 United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRETT STANSBERRY,
    Plaintiff,

vs.

CITY OF CINCINNATI,
    Defendant.

Case No. 1:23-cv-266
Hopkins, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).